IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY WAYNE ELROD,

                              Plaintiff,

                                              CIVIL ACTION
            vs.                               No. 06-3115-SAC

OFFICER WALKER, et al.,

                              Defendants.


<u>ORDER</u>

     Plaintiff, a prisoner incarcerated in a federal correctional
facility, proceeds pro se on a civil complaint seeking relief on
allegations regarding his confinement at the United States
Penitentiary in Leavenworth, Kansas (USPLVN).   The court has
reviewed the record and enters the following findings and order.

     *Motion for Leave to Proceed in Forma Pauperis*

     Plaintiff seeks leave to proceed in forma pauperis under 28
U.S.C. § 1915 without prepayment of the $350.00 district court
filing fee.   As directed by the court, plaintiff submitted the
financial records required by 28 U.S.C. § 1915(a)(2).   Based upon
these records, the court finds plaintiff must pay an initial partial
filing fee of $36.50 in this matter.   *See* 28 U.S.C. § 1915(b)(1)
(when a prisoner brings a civil action or appeal in forma pauperis,
the court is to assess an initial partial filing fee of 20 percent
of the greater of the average monthly deposits to the prisoner's
account, or the average monthly balance in the prisoner's account
for the six month period preceding the filing of the complaint or

appeal).  Collection of the remainder of the $350.00 district court filing fee is to be automatically paid from plaintiff's inmate trust fund account, as authorized by 28 U.S.C. § 1915(b)(2).[1]

*Overview of the Complaint*

In this action, plaintiff seeks damages and injunctive relief on allegations concerning the use of force against him by USPLVN officers in April 2005, and the denial of proper medical care thereafter for his injuries (Claims I and II).  Plaintiff also claims he was denied due process by the false incident reports and false statements issued regarding the April 2005 use of force, and the involvement of officers having a conflict of interest (Claims III and IV) resulting from plaintiff's prior litigation.[2]  Plaintiff further claims he was denied administrative grievance forms while at USPLVN (Claim V).

Eleven defendants are named in the complaint:  the United States; the Federal Bureau of Prisons (BOP); USPLVN Officers Walker, Michael Gray, Steven Lacy, Matthew Gum, Mark Sedillo, and Ronald Stratton; USPLVN Doctor McCollum; USPLVN Warden Gallegos; and BOP

_____

[1] 28 U.S.C. § 1915(b)(2) reads:
"After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."

[2] *See* <u>Elrod v. Walker</u>, Case No. 05-3114-JAR (complaining of exposure to second hand smoke) *and* <u>Elrod v. Sedillo</u>, Case No. 05-3127-JAR (alleging denial of access to the courts and mishandling of mail), *consolidated by the court*.  Plaintiff's request for consolidation of the present case with that consolidated action is denied.

Director Harley Lappin.

<u>Jurisdiction</u>

The court first addresses plaintiff's assertion of jurisdiction for his complaint.

*Jurisdiction under 28 U.S.C. § 2241*

Plaintiff asserts jurisdiction for his complaint under 28 U.S.C. § 2241, but alleges no factual or legal basis for proceeding under this statute which authorizes a federal court to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the  United States." 28 U.S.C. § 2241(c)(3). It appears plaintiff invokes § 2241 to request removal from his record of allegedly false statements and false incident reports regarding the April 2005 incident.

However, applications for habeas corpus relief under § 2241 are to be used to attack the execution of a prisoner's sentence and the fact or duration of his confinement. <u>McIntosh v. United States Parole Com'n</u>, 115 F.3d 809, 811-12 (10th Cir. 1997).  Absent a showing that the alleged error in the execution of plaintiff's sentence caused the loss of earned good time or otherwise affected the length of the his sentence, no cognizable habeas corpus claim is presented and 28 U.S.C. § 2241 is subject to being dismissed as a jurisdictional basis for plaintiff's complaint. *See* <u>Rael v. Williams</u>, 223 F.3d 1153, 1154 (10th Cir. 2000)(federal claims challenging conditions of confinement generally do not arise under § 2241), *cert. denied*, 531 U.S. 1083 (2001).

*Jurisdiction under Federal Tort Claims Act*

3

Plaintiff also alleges jurisdiction for his complaint under the Federal Tort Claims Act (FTCA), which renders the United States answerable in damages for the simple negligence of its employees in failing to protect federal prisoners. <u>United States v. Muniz</u>, 374 U.S. 150 (1963); 28 U.S.C. § 2671 *et seq*. The sole defendant in such an action is the United States. 28 U.S.C. § 2672. To proceed in federal court, plaintiff must first submit a timely administrative claim to the appropriate federal agency, and then file a complaint in federal court within six months of the denial of that administrative claim.

In the present case, plaintiff names the United States as one of the defendants, but documents only that he submitted an administrative tort claim on September 2, 2005. No further information is provided to indicate if and when that administrative claim was denied. Absent supplementation of the complaint to address this deficiency, any claim for damages under FTCA is subject to being summarily dismissed.

*Jurisdiction under <u>Bivens</u>*

Plaintiff also asserts jurisdiction under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). To proceed under <u>Bivens</u>, plaintiff must allege sufficient facts to establish a plausible finding that a federal agent acting under color of such authority violated some cognizable constitutional right of plaintiff. *See* <u>Seigert v. Gilley</u>, 500 U.S. 226 (1991)(to support <u>Bivens</u> claim, alleged conduct must rise to level of constitutional violation). Although plaintiff states that each

4

defendant is sued in their official and personal capacity, plaintiff may seek damages under Bivens from individual defendants only in their personal capacity. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005). Plaintiff's claims for damages against the United States, BOP, and all remaining defendants in their official capacity are barred by sovereign immunity. F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994).

Turning to plaintiff's specific claims, the court finds all claims but one part of Claim I are subject to being summarily dismissed as stating no claim for relief.

Claim I - Eighth Amendment and Retaliation

Plaintiff first claims the use of force against him by defendant USPLVN officers Walker, Lacy, Gum, and other unknown officers on April 14, 2005, violated his rights under the Eight Amendment, and was in retaliation for plaintiff's filing of his civil lawsuits in federal court on March 14 and 20, 2005.

But for an exhibit attached to the complaint, titled as "Plaintiff's Affidavit in Support of his Claims," plaintiff does not mention USPLVN Officer Gray as a defendant in this claim or in any other claim in the complaint. In that attachment, plaintiff states that some six weeks before the April 2005 assault Officer Gray warned and threatened plaintiff that Gray would cause plaintiff to be indicted and spend more time in prison if plaintiff continued to file administrative grievances, and that almost three months after the April 2005 assault Officer Gray told plaintiff that he had Walker "jump on" plaintiff and would do it again if plaintiff did

5

not drop his lawsuits.  (Complaint, Doc. 1, Exh. 10, p.7).

The constitutional right to petition the government for redress of grievances includes a reasonable right of access to the courts. Hudson v. Palmer, 468 U.S. 517, 523 (1984).  "Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights.  However, an inmate claiming retaliation must allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Fogle v. Pierson, 435 F.3d 1252, 1263-64 (10th Cir.)(quotation omitted), cert. denied, 549 U.S. 1059 (2006).  To state an actionable claim for retaliation a plaintiff must plead sufficient facts to plausibly show that he was engaged in a constitutionally protected activity, that adverse actions by prison officials was sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and that defendants' actions were substantially motivated by the plaintiff's protected activity.  Shero v. City of Grove, Okl., 510 F.3d 1196, 1203 (10th Cir. 2007).  Thus significant to plaintiff's allegations in the instant case, he "must prove that 'but for' the retaliatory motive, the incidents to which he refers ... would not have taken place." Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998).

While the use of excessive force against plaintiff by defendants Walker, Lacy, and Gum in April 2005 is sufficiently alleged, plaintiff's allegation of retaliation by these defendants is not.  Plaintiff named none of these officers as defendants in his earlier filed lawsuits, and alleges nothing to causally link his

filing of administrative grievances to their alleged use of excessive force in April 2005.  The only fact offered to support a finding that "but for" plaintiff's earlier filing of his two lawsuits Officers Walker, Lacy, and Gum would not have used excessive force against him in April 2005 is plaintiff's bare assertion of Gray's July 2005 statement.  This alone is insufficient to establish a cause of action for retaliation against Officers Walker, Lacy, and Gum.  *Compare*, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(bare statement that a party "conspired" with others is not enough; a plaintiff must offer "enough factual matter (taken as true) to suggest that an agreement was made.").  Absent amendment of this first claim to provide a more sufficient factual basis for finding a retaliatory motive by the named defendants for their alleged use of excessive force on April 14, 2005, Officer Gray and plaintiff's claim of retaliation against any other defendant is subject to being summarily dismissed from the complaint.

<u>Claim II</u> - Medical

Plaintiff next states he was seriously injured in the use of force on April 14, 2005, and that his injury was unattended until the next morning.  The sole defendant identified in this claim is Dr. McCollum.  Plaintiff specifically claims he was denied proper treatment, and contends this defendant's actions violated federal law, specifically 18 U.S.C. § 208(a), because Dr. McCollum had a known conflict of interest.

Plaintiff's reliance on 18 U.S.C. § 208(a) is misplaced.  That

7

statute addresses only the *criminal* implications of a federal employee's participation in a governmental activity in which the employee has a conflicting personal financial interest. *See also* Scherer v. U.S., 241 F.Supp.2d 1270, 1285 (D.Kan. 2003)("federal criminal conflict of interest statute provides no express or implied private right of action"), *aff'd*, 78 Fed.Appx. 687 (10th Cir. 2003).

Nor are plaintiff's allegations, even when liberally construed and taken as true, sufficient to establish a plausible claim that Dr. McCollum violated plaintiff's constitutional rights.

Prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Disagreements with the treatment provided by prison medical staff do not in themselves constitute deliberate indifference necessary to violate the Eighth Amendment. *See* Perkins v. Kan. Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). Likewise, inadvertent or negligent failure to provide medical care, however serious the consequences, is not a constitutional violation. *See* Estelle, 429 U.S. at 105.

Here, plaintiff documents that he was taken to an outside emergency room the morning after his injury, where his elbow was stabilized until an orthopedic doctor was available. Plaintiff also cites additional visits to the outside hospital and further testing. This attention to plaintiff's medical needs clearly undermines any plausible finding of deliberate indifference to plaintiff's injury. Nor is the overnight delay in receiving emergency room care, which plaintiff attributes to Dr. McCollum, supported by a an allegation

8

that plaintiff suffered substantial physical harm from this brief delay. *See* <u>White v. State of Colo.</u>, 82 F.3d 364, 366-67 (10th Cir. 1996); <u>Olson v. Stotts</u>, 9 F.3d 1475, 1477 (10th Cir. 1993). Throughout, plaintiff's medical request forms in the record reflect his disagreement with the medical treatment provided by Dr. McCollum and other USPLVN medical staff for his injury, which is insufficient to state a cognizable constitutional claim. To the extent plaintiff alleges improper or negligent treatment by Dr. McCollum, no claim for relief under the Eighth Amendment is presented.[3]

Accordingly, the court finds this claim and Dr. McCollum are subject to being summarily dismissed from the complaint as stating no claim for relief under <u>Bivens</u>.

<u>Claims III and IV</u> - Due Process

In these two claims, plaintiff contends defendants Walker, Lacy, Gum, Sedillo, Stratton, and other unknown USPLVN officers filed a false incident report against him and submitted false statements in the investigation concerning the incident on April 14, 2005. Plaintiff further claims defendants Sedillo, Stratton, and Lacy violated his right to due process by conducting administrative hearings in which they had a conflict of interest.

Due process protections, however, only come into play when the prisoner is facing punishment that adversely impacts the duration of a prisoner's confinement or that exceeds the ordinary incidents of prison life. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974); <u>Sandin v.</u>

[3]Plaintiff would be entitled to pursue relief under FTCA, but any such action would be against the United States as the sole defendant.

Conner, 515 U.S. 472 (1995).  Plaintiff alleges neither in this case, thus his complaint fails to provide a sufficient factual basis for establishing that defendants' actions impaired any liberty interest protected by the Due Process Clause.

Plaintiff is further advised that to the extent success on his allegations would necessarily implicate the validity of the disciplinary action being challenged, a Bivens action for damages against individual defendants is barred absent a showing the disciplinary conviction has been set aside.  See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007).

Claim V - Access to the Courts

In his final claim, plaintiff states that defendants Sedillo, Stratton, Gallegos, and Lappin unlawfully interfered with plaintiff's access to the court by denying him all access to the BOP administrative remedy process and thereby impaired his exhaustion of administrative remedies.

A prisoner has a fundamental right to access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), but has no federal constitutional right to a grievance procedure while incarcerated. See Walters v. Corrections Corp. of America, 119 Fed.Appx. 190, 191 (10th Cir. 2004)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."), cert. denied, 546 U.S. 865 (2005).

A prisoner's proper and full exhaustion of available administrative remedies is required prior to filing a civil action in federal court. 42 U.S.C. § 1997e(a). After plaintiff filed his complaint, however, the Supreme Court held that a prisoner's failure to exhaust administrative remedies is an affirmative defense to be raised by defendants.[4] Jones v. Bock, 549 U.S. 199, 216 (2007). "[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints." Id. Plaintiff's fifth claim of being denied access to the courts is thus subject to being summarily dismissed because plaintiff's allegations state no actionable claim of constitutional deprivation for the purpose of seeking damages under Bivens.

### Notice and Show Cause Order to Plaintiff

Accordingly, to proceed in this matter without prepayment of the $350.00 district court filing fee, plaintiff must pay the initial partial filing assessed by the court under 28 U.S.C. § 1915(b)(1), with payment of the remainder of the filing fee as authorized from plaintiff's inmate account under 28 U.S.C. § 1915(b)(2).

Additionally, for the reasons stated herein, the court directs plaintiff to show cause why any claim plaintiff may be attempting to

---

[4]To raise such a defense, defendants bear the burden of proving that administrative remedies were in fact available to the prisoner plaintiff, and that the prisoner plaintiff failed to fully and properly exhaust those remedies. Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). See also, Abney v. McGinnis, 380 F.3d 663 (2nd Cir. 2004)(it is appropriate for court to examine whether defendants' behavior rendered administrative remedies unavailable to a prisoner plaintiff such that the § 1997e(a) exhaustion requirement is inapplicable).

assert under 28 U.S.C. § 2241 and the Federal Tort Claims Act should not be dismissed without prejudice, and directs plaintiff to amend the complaint to avoid dismissal of the claims and defendants identified by the court as subject to being summarily dismissed. The failure to file a timely response may result in said claims and defendants being summarily dismissed without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is provisionally granted subject to plaintiff's payment within thirty (30) days of an initial partial filing fee of $36.50. Any objection to this fee order must be filed on or before the date payment is due. The failure to pay the partial initial filing fee required herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to amend and supplement the complaint to cure deficiencies identified by the court for proceeding under 28 U.S.C. § 2241 and the Federal Tort Claims Act, and for avoiding summary dismissal of the claims and defendants identified by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED: This 20th day of August 2009 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

12