# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTHONY WAYNE ELROD,**

                **Plaintiff,**

                                          CIVIL ACTION
      vs.                                  No. 06-3115-SAC

**OFFICER WALKER, et al.,**

                **Defendants.**

## ORDER

Plaintiff, a prisoner incarcerated in a federal correctional facility, proceeds pro se on a civil complaint seeking relief on allegations regarding his confinement at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth).[1] Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1),[2] and proceeds in forma pauperis in this matter, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

In this action, plaintiff seeks damages and injunctive relief

---

[1] Plaintiff's original complaint centers on allegations regarding his confinement in USP-Leavenworth in April 2005. Plaintiff states he was transferred to USP-Terre Haute in August 2005, and initiated the instant action in April 2006 while incarcerated in FCI-Greenville in Illinois. The docket sheet reflects his transfer thereafter to USP-Lewisburg in Pennsylvania in August 2006, to USP-Coleman in Florida in January 2007, to USP-McCreary in Kentucky in May 2008, and back to USP-Lewisburg in April 2009.

[2] The docket sheet has been corrected to reflect payments submitted to the court that were inadvertently not docketed when received.

on allegations concerning the use of force against him by USP-Leavenworth officers in April 2005, and the denial of proper medical care thereafter for his injuries. Plaintiff also claims he was denied due process in prison discipline by false incident reports and statements regarding the April 2005 use of force, and the by the involvement of officers having a conflict of interest arising from plaintiff's prior litigation.[3] Plaintiff further claims he was denied administrative grievance forms while at USP-Leavenworth to impair his access to the courts. Eleven defendants are named in the complaint: the United States; the Federal Bureau of Prisons (BOP); USP-Leavenworth Officers Walker, Michael Gray, Steven Lacy, Matthew Gum, Mark Sedillo, and Ronald Stratton; USP-Leavenworth Doctor McCollum; USP-Leavenworth Warden Gallegos; and BOP Director Harley Lappin.

By an order dated August 20, 2009, the court found no foundation for plaintiff's attempt to assert jurisdiction under 28 U.S.C. § 2241, and construed the complaint as seeking relief under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971).[4] The court found plaintiff's allegations of an Eighth Amendment excessive force warranted a response from relevant defendants, and directed plaintiff to show cause why all other

---

[3]*See* <u>Elrod v. Walker</u>, Case No. 05-3114-JAR (complaining of exposure to second hand smoke); <u>Elrod v. Sedillo</u>, Case No. 05-3127-JAR (alleging denial of access to the courts and mishandling of mail).

[4]In that order, the court noted plaintiff's assertion of jurisdiction under the Federal Tort Claims Act, but found more information was needed to proceed on a this claim.

claims and defendants should not be summarily dismissed.

In response, plaintiff filed a first amended complaint which is now before the court. *See* Fed.R.Civ.P. 15(a)(1)(A)(plaintiff may amend his complaint "once as a matter of course" prior to being served with defendants' response to the complaint). Having reviewed that pleading and attached exhibits, the court enters the following findings and order.

Plaintiff again states he proceeds under Bivens, but continues to assert jurisdiction under 28 U.S.C. § 2241 and the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80, and continues to seeks damages from all defendants in their personal and official capacity.

For the reasons stated in the order entered on August 20, 2009, the court dismisses plaintiff's attempt to proceed under 28 U.S.C. § 2241, and dismisses plaintiff's related request to overturn specific USP-Leavenworth discipline action taken against him.

Plaintiff now states the FTCA claim he submitted in September 2005 was denied by the South Central Regional Office, and that his original complaint was filed within six months of that denial. The court thus liberally construes the amended complaint as a hybrid action seeking relief under both Bivens and the FTCA. Accordingly, all Bivens claims against the United States, BOP, and any individual defendant in their official capacity are dismissed as barred by sovereign immunity, F.D.I.C. v. Meyer, 510 U.S. 471, 483-86 (1994), and the United States remains as the sole defendant for plaintiff's FTCA claim, 28 U.S.C. § 2679.

3

To proceed under Bivens, plaintiff must allege sufficient facts to plausibly establish a federal agent acting under color of such authority violated a cognizable constitutional right of plaintiff. Having reviewed the amended complaint, the court finds a response is warranted on Claim One, and dismisses plaintiff's remaining claims.

Claim One in the Amended Complaint

In Claim One, plaintiff alleges the use of excessive force by USP-Leavenworth officers Walker, Lacy, Gum, Gray,[5] and other unknown officers on April 14, 2005, violated his rights under the Eight Amendment. These allegations are sufficient to warrant a response from these named defendants.

Plaintiff also alleges this use of excessive force done in retaliation for plaintiff's filing of two civil lawsuits in federal court the previous month and/or plaintiff's administrative grievances, and cites statements by Gray as factual support for this claim. The court finds a response from Officer Gray on plaintiff's claim of retaliation is required. Fogle v. Pierson, 435 F.3d 1252, 1264 (10th Cir. 2006). However, plaintiff's bare assertion - that all other defendants who participated in the alleged use of excessive force did so in a conspiracy to retaliate against plaintiff for his court and/or administrative filings - is conclusory and insufficient to require a response from any defendant other than Gray. *See* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)(bare statement that a party "conspired" with others is

---

[5]Plaintiff now names Officer Gray as participating in the assault.

4

not enough; a plaintiff must offer "enough factual matter (taken as true) to suggest that an agreement was made"); Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998)(prisoner's "allegations of retaliation must fail because he has presented no evidence that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions").

Claim Two in the Amended Complaint

Plaintiff next claims that he was seriously injured in the April 2005 use of force, and that Dr. McCollum intentionally and maliciously failed to provide appropriate treatment for plaintiff's injuries. Plaintiff again insists it was improper for McCollum to oversee plaintiff's medical care because McCollum had a conflict of interest due to plaintiff naming him as a defendant in an earlier lawsuit. The court continues to find plaintiff's reliance on the conflict of interest provisions in 18 U.S.C. § 208(a) is misplaced, as neither that statutory provision nor plaintiff's prior lawsuit operate to disqualify Dr. McCollum from treating plaintiff or directing plaintiff's medical care.

Plaintiff also claims McCollum failed to provide proper and necessary medical care in retaliation for plaintiff's administrative remedies and prior litigation, and to cover up other defendants' assault of plaintiff. Notwithstanding plaintiff's assessment that McCollum's treatment decisions ignored an obvious risk of further injury and increased rather than alleviated plaintiff's pain, the court continues to find plaintiff's allegations against this defendant reflect at most plaintiff's disagreement with the medical

5

care provided. This states no actionable constitutional claim. *See* Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1142-3 (10th Cir. 2005)(a mere difference of opinion about treatment, even among professionals, does not give rise to claim under the Eighth Amendment, even if the treatment in question constituted medical malpractice).

Nor is plaintiff's bare claim of retaliation sufficient to plausibly establish that but for plaintiff's grievances and lawsuits, McCollum's decisions regarding the treatment of plaintiff's injuries would have been different. The court thus finds this claim and this defendant should be dismissed from the amended complaint.

Claim Three in the Amended Complaint[6]

In this claim, plaintiff contends defendants Walker, Lacy, Gum, Sedillo, Stratton, McCollum, and other unknown USP-Leavenworth officers filed false incident reports against him and submitted false statements in the investigation concerning the incident on April 14, 2005. Plaintiff further claims defendants Sedillo, Stratton, and Lacy violated his right to due process by conducting administrative hearings in which they had a conflict of interest.

The court directed plaintiff to show cause why this due process should not be dismissed because plaintiff's allegations implicated

---

[6]Claims III and IV in the original complaint.

no liberty interest protected by the Due Process Clause where the sanction imposed in the challenged disciplinary proceedings neither impacted the duration of plaintiff's incarceration, nor subjected him to conditions exceeding the ordinary and expected incidents of prison life. Wolff v. McDonnell, 418 U.S. 539 (1974); Sandin v. Conner, 515 U.S. 472 (1995).

In response, plaintiff claims these disciplinary adjudications in his record have caused him be placed in a "24/7 SMU lockdown" in USP-Lewisburg. Plaintiff's reference to specific exhibits is confusing on the face of the exhibits provided, but whether plaintiff refers to his present confinement at USP-Lewisburg or in August 2006, there is no showing of any direct or significant hardship resulting from the USP-Leavenworth discipline for the purpose of establishing a protected liberty interest in the challenged disciplinary proceedings. Plaintiff's claim of being denied due process in those proceedings thus should be dismissed. *See* Hyde Park Co. v. Santa Fe City Council, 226 F.3d 1207, 1210 (10th Cir. 2000)(a protected interest must first be established to proceed on procedural or substantive due process claims).

Claim Four in the Amended Complaint[7]

Plaintiff contends USP-Leavenworth defendants Sedillo, Stratton, Gallegos, and Lappin conspired to deny plaintiff administrative remedy forms between April and July 2005 to unlawfully interfere with plaintiff's access to the courts. Noting the Supreme Court's subsequent decision in Jones v. Bock, 549 U.S.

---

[7]Claim V in the original complaint.

7

199, 216 (2007), interpreting 42 U.S.C. § 1997e(a) as not requiring inmates to specifically plead or demonstrate their exhaustion of administrative in their complaints, the court directed plaintiff to show cause why this claim should not be dismissed because plaintiff had no protected right to a grievance procedure, and could not show any prejudice resulting from any defendant's refusal to provide plaintiff access to the administrative grievance procedure.

In response, plaintiff argues defendants' alleged misconduct must be considered in light of the exhaustion requirement in place prior to Jones v. Bock. However, a prison or jail grievance procedure does not confer any substantive constitutional right upon an inmate, thus a prison official's failure to comply with the grievance process is not actionable under Section 1983. Brown v. Dodson, 863 F.Supp. 284 (W.D.Va. 1994); Flick v. Alba, 932 F.2d 728, (8th Cir. 1991). *See also* Olim v. Wakinekona, 461 U.S. 238, 250 (1983)(due process claim lacks merit when no deprivation of a substantive right has been alleged); Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993)(the mere "failure to adhere to administrative regulations does not equate to a constitutional violation"). As to any constitutional claim being asserted in an administrative grievance, the violation of plaintiff's right of access to courts to pursue such a claim requires a showing of actual injury. Lewis v. Casey, 518 U.S. 343 (1996). Because plaintiff identifies no nonfrivolous legal claim he was prevented from pursuing in the courts by defendants' alleged misconduct in denying plaintiff administrative grievance forms, his allegations fail to

8

present an actionable cause of action. The court thus finds this claim should be dismissed.

Claim Five in the Amended Complaint

The final claim in plaintiff's amended complaint concerns allegations that he is being denied proper medical care since April 2009 at USP-Lewisburg for injuries sustained in the 2005 assault at USP-Leavenworth. On these allegations, plaintiff names six new defendants, namely a BOP Regional Director and five USP-Lewisburg individuals.

However, there is no allegation or suggestion that any of these six defendants reside in the District of Kansas, or that this court could exercise personal jurisdiction over any of these nonresident defendants through the Kansas long arm statute, K.S.A. 60-308(b). It is also clear their alleged violation of plaintiff's constitutional rights arise in Pennsylvania rather than Kansas. Because it is evident on the face of the amended complaint that it would be futile to allow plaintiff an opportunity to attempt to cure this obvious defect, the court dismisses this claim without prejudice for lack of personal jurisdiction over any of these six new defendants. *See* Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)(28 U.S.C. § 1915 authorizes the sua sponte dismissal of claims when personal jurisdiction is clearly absent). This does not mean that plaintiff loses his right to litigate this claim, as he is free to file a completely separate lawsuit in an appropriate venue.

IT IS THEREFORE ORDERED that plaintiff proceeds in forma

pauperis, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that all Bivens claims against the United States, the Bureau of Prisons, and any individual defendant in their official capacity are dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's attempt to seek relief under 28 U.S.C. § 2241, and plaintiff's related request for injunctive relief, are dismissed.

IT IS FURTHER ORDERED that Claim Five in the amended complaint is dismissed without prejudice, and that defendants Bledsoe, Brown, Pigos, Peoria, Fasciana, and Norwood are dismissed as parties in this matter.

IT IS FURTHER ORDERED that Claims Two, Three, and Four in the amended complaint are dismissed as stating no claim for relief, and that defendants McCollum, Stratton, Sedillo, Gallegos, and Lappin are dismissed as parties in this matter.

IT IS FURTHER ORDERED that a response to plaintiff's allegations of excessive force in Claim One in the amended complaint is required from defendants Walker, Lacy, Gum, and Gray, and that a response to plaintiff's allegation of retaliation in Claim One in the amended complaint is required from defendant Gray.

IT IS FURTHER ORDERED that a response by the United States to plaintiff's claim under the Federal Tort Claims Act is required.

The clerk's office is to prepare waiver and summons forms pursuant to Fed.R.Civ.P. 4 for each remaining defendant, for service by the United States Marshal Service at no cost to plaintiff absent

further order by the court.

**IT IS SO ORDERED.**

DATED: This 31st day of March 2010 at Topeka, Kansas.

<pre>
                                  s/ Sam A. Crow
                                 SAM A. CROW
                                 U.S. Senior District Judge
</pre>