**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANTHONY WAYNE ELROD,**

                        **Plaintiff,**

                                                  CIVIL ACTION
          vs.                                               No. 06-3115-SAC

**OFFICER WALKER, et al.,**

                        **Defendants.**

<u>ORDER</u>

    Plaintiff, a prisoner incarcerated in a federal correctional facility, proceeds pro se and in forma pauperis on an amended complaint seeking relief on allegations stemming from the use of force against him by officers at the United States Penitentiary in Leavenworth, Kansas (USPLVN), in April 2005. The court liberally construed the amended complaint as a hybrid action seeking relief both under *Bivens* and the Federal Tort Claims Act (FTCA). The court ordered a response from USPLVN officers Walker, Lacy, Gum, and Gray on Claim One in the amended complaint alleging the violation of plaintiff's rights under the Eighth Amendment, ordered a response from the United States on plaintiff's FTCA claim, and dismissed all remaining *Bivens* claims and named defendants.

    Before the court is defendants' motion for summary judgment, and related motions to file certain exhibits ex parte and to file one exhibit conventionally and under seal. Plaintiff's response to the summary judgment motion is pending the court's decision on

defendants' related motions for filing exhibits.  Also before the court are plaintiff's requests to stay this matter to allow plaintiff additional time to prepare and file a response to defendants' motion for summary judgment.

*Motion to File Exhibit A3, Attachments 6 though 8, to Niles' Declaration Ex Parte*

Defendants seek leave to file *ex parte* three Federal Bureau of Prisons (BOP) investigative reports made after the April 2005 use of force at USPLVN.  Defendants maintain *ex parte* filing is necessary to avoid disclosure of confidential BOP investigative techniques and information which could potentially compromise the integrity or efficacy of future BOP investigations, and point to the memorandum supporting their motion for summary judgment as accurately summarizing the information contained in these exhibits.

Plaintiff objects to the *ex parte* filing, and contends review of the investigative reports, either by him or by an attorney if appointed, is necessary to respond to defendants' motion for summary judgment.

The court has reviewed the material submitted for *ex parte* filing and finds the information therein is accurately and adequately summarized in the facts set forth in defendants' memorandum supporting their motion for summary judgment to allow plaintiff to respond to defendants' motion.  The court accepts defendants' assertion of security concerns concerning sensitive information in these investigative reports, and grants defendants' motion for *ex parte* filing.

*Motion to Submit DVD Recordings of Events of April 14, 2005, Conventionally and Under Seal*

Defendants seeks leave to file a DVD containing three separate views of the use of force against plaintiff on April 14, 2005, (Exhibit A2, Attachment 5, to Niles' Declaration) conventionally rather than electronically. The court grants this request.

Defendants also seek leave to file this exhibit under seal, citing concerns that security information revealed in the DVD, if viewed by the public and federal inmates, could compromise the safety and security at USPLVN. Defendants acknowledge the direct relevance of information on the DVD to plaintiff's claims and that plaintiff is no longer incarcerated at USPLVN, and state they will arrange for plaintiff to view the DVD where he is now confined but they will not provide plaintiff with a copy of the recordings for his possession.

Plaintiff objects, and contends the security concern cited about where cameras are located at USPLVN is bogus because USPLVN inmates are already fully aware of the camera locations. The court notes, however, that this concern is cited by defendants as an example, and not as the full extent of the security concerns attendant to these recordings.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007)(citations omitted). Documents submitted by parties for the court's consideration in connection with a summary judgment motion constitute "judicial records" to which a strong presumption

of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 122-23 (2d Cir.2006). This right of access is not absolute however, and can be rebutted when other interests outweigh the public interests in access. *Mann*, 477 F.3d at 1149 (*quotation marks and citation omitted*). Accordingly, a court has discretion to seal documents if competing interests outweigh public's right of access. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir.1985). The party seeking to overcome the presumption of access bears the burden of showing some significant interest that outweighs the presumption. *Mann*, 477 F.3d at 1149 (*quotation marks and citation omitted*). Courts have recognized the adverse impact on law enforcement as a counter interest to public access. *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2nd Cir.1995). The safe and secure administration of a federal correctional facility presents similar concerns.

In the present case, the court finds the security and safety interests articulated by defendants are significant enough to outweigh the presumption of public access to this particular exhibit, especially where the content of this exhibit is provided in detail in the declarations attached to defendants' motion for summary judgment. Under the circumstances, and where defendants have agreed to ensure that plaintiff will be provided an opportunity to adequately view the DVD, the court is persuaded to grant defendants' motion.

*Motions for Stay*

Citing his pending transfer to the United States Penitentiary in Coleman, Fla, and to the resulting lack of his access to legal

materials until his personal property is returned after his transfer, plaintiff seeks a stay of this matter until he can better prepare and file a response to defendants' motion for summary judgment. To any extent these requests are not now moot, the court denies plaintiff's motions because a stay is not warranted to address plaintiff's temporary deprivation of his personal property. The court herein sets a date for plaintiff's filing of a response to defendants' motion for summary judgment. If additional time to file a response is required, plaintiff may seek an extension of time that is supported by a showing of good cause for any such request.

IT IS THEREFORE ORDERED that defendants' motion to file Exhibit A3, Attachments 6 though 8, to Niles' Declaration *ex parte* (Doc. 27) is granted.

IT IS FURTHER ORDERED that defendants' motion to file Exhibit A2, Attachment 5, to Niles' Declaration conventionally and under seal (Doc. 27) is granted, and that defendants are to arrange and provide for plaintiff's timely viewing of the sealed exhibit.

IT IS FURTHER ORDERED that plaintiff is granted sixty (60) days from the date of this order to file a response to defendants' motion for summary judgment.

IT IS FURTHER ORDERED that plaintiff's motions for stay (Docs. 34 and 39) are denied.

**IT IS SO ORDERED.**

DATED: This 24th day of March 2011 at Topeka, Kansas.

                                        s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge